## ALBERT L. PAGE *vs.* JOHN A. STAPLES.

The sheriff of one county cannot make an arrest in another county except on fresh pursuit in case of an escape, nor can he detain in such other county an arrested prisoner, except under a writ of *habeas corpus.*

A sheriff is not obliged to travel about with an arrested prisoner to enable the latter to procure bail.

EXCEPTIONS to the Court of Common Pleas.

This action was trespass for assault and false imprisonment brought in the Court of Common Pleas.   The defendant Staples, a deputy sheriff of the county of Providence, arrested the plaintiff Page on a writ issued by the Justice Court of the town of Gloucester, May 31, 1879, and made returnable June 14, 1879, in an action of trover brought by one Jedidiah Sprague against said Page.   The arrest was made June 5, 1879, in the town of Scituate.   At the trial in the Court of Common Pleas, Page adduced testimony to show that Staples refused to go with him to procure bail, although such bail could be procured in the vicinity of the place of arrest, and that Staples, in conducting him to the county jail of the county of Providence, carried him through a part of Kent County.

The plaintiff was nonsuited by the presiding justice, and brought the case into this court by exceptions to the nonsuit.

*May* 7, 1881.  MATTESON, J.   A majority of the court is of opinion that the defendant was under no obligation to travel about with the plaintiff to enable him to obtain bail.   The statute, Gen. Stat. R. I. cap. 196, § 6,[1] does not require an officer to do so, but merely requires him to let the person arrested to bail, upon giving sufficient surety for his appearance at the court to which the writ is returnable, and to abide the final judgment in the suit.   If an officer were compelled to go about with a prisoner in search of bail, he would be subjected to loss of time and to labor and expense for which no compensation to him is provided by the statute.   And, besides, the risk of the escape of the prisoner would be materially increased.   Gen. Stat. R. I. cap. 196, §§ 9, 10,[2] provide for the letting of prisoners to bail after they have been committed.

But we do not think that the defendant can justify the taking of the plaintiff through a part of Kent County for the purpose of committing him to the jail in Providence County.   In the absence of statutory provisions, the power of a sheriff is limited to his own county.   He is to be adjudged a sheriff in his own county and not elsewhere.   He cannot, therefore, execute a writ out of his own county, and if he attempts to do so becomes a trespasser. The only exceptions to this principle are, that having a prisoner

---

[1] As follows: " Every such officer who shall so arrest any person shall let the person so arrested to bail, upon his giving sufficient surety for his appearance at the court to which such writ or process shall be returnable, and to abide the final judgment which shall be rendered thereon."

[2] As follows : " SECT. 9.   Every person committed to jail in any county, except the county of Providence, by virtue of an arrest on any writ or process in any civil action, or by surrender of former bail in the same action, shall be let to bail, or to new bail, as the case may be, in manner before provided, at any time before the rendering of final judgment on the original writ on which the arrest was made.

" SECT. 10.  Every person committed to jail in the county of Providence, on any writ or process in any civil action, or by surrender of former bail in the same action, may be let to bail, or to new bail, as the case may be, by the keeper of said jail, or by the officer who served the writ or process, at any time before final judgment shall be rendered on the writ on which the arrest was made, upon his giving sufficient surety for his appearance at the court to which such writ is returnable, and to abide the final judgment which shall be rendered thereon."

in his custody upon a writ of *habeas corpus*, he has power, by virtue of the writ, to travel through other counties, if necessary, in order to take his prisoner to the place where the writ is returnable; and he may, also, upon fresh pursuit, retake a prisoner who has escaped from his custody into another county. . *Platt* v. *The Sheriffs of London*, Plowd. 35, 37; *Hammond* v. *Taylor*, 3 B. & A. 408; Watson's Sheriff, 60, 61; *Avery* v. *Seeley*, 3 Watts & Serg. 494, 497. In the case at bar the plaintiff did not escape from the defendant's custody into Kent County, but was voluntarily taken by the defendant into that county. The moment they crossed the line between the counties, into Kent County, the defendant ceased to have any authority over the plaintiff. He had no more right to detain him in that county than he would have had to arrest him there.

The exception is sustained, and the case remanded to the Court of Common Pleas for a new trial.

POTTER, J., dissenting in part. In this case the plaintiff was arrested while at work in his field. The officer permitted him to go to his house to see his wife; but refused to take him by the way he requested, and which, he says, is the nearest way to the jail, and on which he expected to meet a brother who would bail him. He also refused to take him to a brother in Providence, who says he would have bailed him. The court below held that the officer was not obliged to go with the person arrested to procure bail, however near it might be.

When a person is arrested on civil process, the law directs the officer to keep him in safe custody. This is positive. The law also, Gen. Stat. R. I. cap. 196, § 6, directs that "every officer who shall so arrest any person shall let the person so arrested to bail," &c., &c. This command of the law is put as positively as the other.

It seems to me to be no answer to say that the officer must take a person to jail and that he can procure bail there. The law has made a separate provision for that case. And it was of no use to command that the officer should let him to bail before committal unless the legislature intended it to mean something.

And if an officer can arrest a man at his work and take him

straight to jail, the provision about bail is of no use, unless the one arrested happens to meet some one on the way. A respectable woman may be arrested in the street in Providence, away from her home, and taken directly to the State Farm, and be exposed to the disgrace of having been there ; for however the Board of State Charities may view it, common people will confound them ; or a woman may be arrested in Westerly, and instead of being taken to jail on the usual railroad route, where she might meet some friend to bail her, may be taken in the sheriff's wagon by the nearest old route through the woods. The legislature cannot be supposed to have intended to sanction such abuses. Such a construction practically nullifies the law.

But it is said the law has provided no fee for the sheriff going out of his direct way to procure bail. It has provided that he shall admit the prisoner to bail. And as every man cannot afford to keep another man always near him for this purpose, the law must have contemplated that the sheriff should go out of his way and be paid for it, and it should make a part of the cost which a plaintiff knows he is liable to incur when he procures a writ. At any rate it should be left to a jury to decide whether the officer has afforded a defendant reasonable facilities for procuring bail.

*Exceptions sustained.*

*John M. Brennan*, for plaintiff.
*Ziba O. Slocum*, for defendant.